# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HASSON MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-470-BAJ-SDJ** |
| **LT. ALLEN STARKS, et al.** | |

## <u>NOTICE</u>

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 22, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HASSON MITCHELL                                              CIVIL ACTION

VERSUS                                                       NO. 20-470-BAJ-SDJ

LT. ALLEN STARKS, et al.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this lawsuit against Lt. Allen Starks and the Louisiana Department of Public Safety and Corrections (DPSC) on April 11, 2019, in the 18th Judicial District Court of Louisiana. (R. Doc. 1-2). In the Petition, Plaintiff asserts constitutional violations made actionable by 42 U.S.C. § 1983, in addition to state law claims of "negligence" and "respondent superior." (R. Doc. 1-2). A copy of the Petition was received by the Office of Risk Management (ORM) on May 30, 2019. (R. Doc. 2-3 at 5). Upon being notified of the lawsuit by ORM, the DPSC moved to dismiss the lawsuit on October 18, 2019, based on Plaintiff's failure to perfect service on the State Defendants, as required under Louisiana Revised Statutes § 13:5107 and § 39:1538. (R. Doc. 1-3). Eventually, according to DPSC, service was perfected on the Department on June 30, 2020. (R. Doc. 1 at 2); (R. Docs. 1-6, 1-7). Within 30 days of service, DPSC removed the action on July 20, 2020, claiming this Court had "subject matter jurisdiction pursuant 28 U.S.C. § 1331 [(federal question)]." (R. Doc. 1 at 1). Lt. Starks has never been served and therefore did not join in removal. Within 2 days of removal, Plaintiff filed the instant Motion to Remand, which the Court considers below. (R. Doc. 2).

In his Motion to Remand and subsequent Reply Memorandum, Plaintiff's main argument is that the "removal statute doesn't require that service be 'perfected' to trigger delays" (R. Doc. 10 at 1); therefore, the fact that Defendant had 'notice' of the lawsuit more than 30 days prior to removal renders it untimely and warrants remand. Plaintiff additionally argues that the state improperly removed his lawsuit without the consent of all Defendants. On all accounts, Plaintiff is incorrect.

A.     **Timeliness of Removal**

Reaffirming a "bedrock principal"—that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"—the Supreme Court held in *Murphy Brothers, Inc.* that only "formal service" triggers the 30-day removal period in 28 U.S.C. § 1446(b). *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Contrary to Plaintiff's contention, "mere receipt of the complaint" or "actual notice of the complaint" does not commence the removal period. *Murphy Bros., Inc.*, 526 U.S. at 348. Therefore, the fact that DPSC has had notice of this lawsuit since either May 30, 2019 (when ORM received a copy of the Petition), or October 18, 2019 (when DPSC sought dismissal for Plaintiff's failure to perfect service[1]), is immaterial. *See Crockett v. Louisiana Correctional Institute for Women*, 2018 WL 1313170, at *2 - *4 (E.D. La. March 14, 2018) (Although state-defendants had notice of the lawsuit, and that it raised federal claims, more than 30 days before removal, "no defendant was served a citation" along with the Petition. "Therefore, the thirty day removal clock never started to run."); *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298,

---

[1] In its Opposition, Defendant argues that its conduct in state court—moving for dismissal based on incomplete service of process—did not waive its right to removal. The Court agrees that DPSC's October 2019 filing did not waive its right to removal. *See Strong v. Green Tree Servicing, LLC*, 716 F. App'x 259, 263 (5th Cir. 2017) ("A waiver of the right to remove must be clear and unequivocal" and "is not lost by participating in state court proceedings short of seeking an adjudication on the merits."). While Plaintiff does address DPSC's October 2019 filing, the significance of that filing, in Plaintiff's eyes, appears to be that it shows DPSC's notice of the lawsuit. Plaintiff does not clearly raise waiver as a ground for removal.

303 (5th Cir. 2014) ("[A] defendant's right to removal runs from the date on which it is formally

served with process.").

To be clear, the date that matters is the date Plaintiff perfected service on Defendant. Here,

the record makes clear that service was not perfected, if at all, until June 30, 2020. (R. Doc. 1 at

2); (R. Docs. 1-6, 1-7).

"Louisiana [Revised Statute § 39:1538(D)] provides that, when the state or a state agency

is named as a defendant" in a suit for monetary damages, "process must be served on the head of

the department concerned as well as the Office of Risk Management and the Attorney General, as

well as any others required under Louisiana Revised Statute § 13:5107." *Cordova v. LSU Agric.*

*& Mech. Coll. Bd. of Supervisors*, 2019 WL 5493355, at *4 (W.D. La. Oct. 24, 2019); *see also*

*Burnett v. James Const. Grp.*, 66 So. 3d 482, 485 (La. 2011) (La. Rev. Stat. 39:1538 "requires

service of process on the head of the department, the office of risk management, and the attorney

general."); *Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. College*, 66

So. 3d 470, 480 (La. 2011) ("[La. Rev. Stat. 39:1538] applies . . . and [], pursuant to this statute,

Whitley was, at a minimum, required to serve 'the head of the department concerned, the office of

risk management, and the attorney general.' Thus, Whitley's failure to effect service on the AG

and ORM would have entitled University to have its declinatory exception of insufficiency of

service of process sustained by the trial court."); *Calbert v. Batiste*, 109 So. 3d 505, 508 (La. App.

3 Cir. 2013) ("In the present case, Major was required to serve the head of DOTD, the ORM, and

the attorney general. The record shows that Major only served the attorney general. Since Major

failed to serve the head of DOTD and the ORM as required by the statute, service was

incomplete."); *Bernard v. Lafayette City Police Dep't*, 2016 WL 6778714, *4 (La. App. 3 Cir.

2016) ("[P]ursuant to La. R.S. 39:1538([D]), Mr. Bernard was required to serve the head of DHH,

the office of risk management, and the attorney general to effect proper service on DHH."); *Martin*

*v. Dep't of Children & Family Servs.*, 2020 WL 1284963, at *2, *3 (E.D. La. Mar. 18, 2020)

(Where plaintiff only served the attorney general, the Court found the "record establishes that

Plaintiffs did not properly serve DCFS" as La. Rev. Stat. 39:1538(D) requires service on the head

of the department, attorney general and office of risk management.); *Cupps v. Louisiana State*

*Police*, 2013 WL 2302688, at *4 (M.D. La. May 24, 2013) ("In suits seeking monetary damages

the complaint must be served on three separate persons: the head of the agency, the office of risk

management, and the attorney general.").

   And although Plaintiff suggests otherwise,[2] service of process under Louisiana Revised

Statute § 39:5138 means service of both the citation and Petition, as is typical in state court. *See*

*Crockett v. Louisiana Correctional Institute for Women*, 2018 WL 1313170, at *2, *3 (E.D. La.

March 14, 2018) ("Plaintiff never fully perfected service" on the state-defendants "under Louisiana

state law" because "no defendant was served a citation" along with the Petition.); *In re Oil Spill*,

2012 WL 4753418, at *2 (E.D. La. Oct. 4, 2012) (Louisiana requires that "defendant be served

---

[2] Plaintiff argues that the Louisiana Supreme Court held in *Whitley* that citation was not required when serving the Office of Risk Management—one of the three state officials or entities that must be served under Louisiana Revised Statute § 39:1538—with a copy of the Petition on May 30, 2019. (R. Doc. 10 at 2). While the point of this argument is unclear—as the Attorney General and relevant Department head must be served in addition to ORM—the Court must point out that *Whitley* does not support Plaintiff's position. Instead, the *Whitley* court, examining the different service provisions of Louisiana Revised Statutes § 13:5107 and § 39:1538, simply clarified that:

> "[M]ultiple requests for service by the plaintiff within the 90–day period are not mandatory [under La. Rev. Stat. § 13:5107]. Therefore, timely *request* for service on one of the listed entities/persons was sufficient. Furthermore, although a plaintiff must serve multiple entities/persons under LSA–R.S. 39:1538(4), which applies to tort actions against the state and its agencies, that statutory provision does not require that the plaintiff make service (or request that service be made) within a certain time period or provide for dismissal. Therefore, an objection of insufficiency of service based on LSA–R.S. 39:1538(4) can be cured by subsequent service on those entities/persons not previously served.

*Whitley*, 66 So.3d at 481-82 (emphasis added). Indeed, the *Whitley* court noted that the "objection regarding service of citation under LSA–R.S. 39:1538(4) . . . was cured by Whitley's subsequent service of *citation* on the AG and ORM." *Id.* at 381 (emphasis added).

with a citation, attached to which is a certified copy of the petition."); La. C. Civ. P. arts. 1201,

1202 (citation must include certified copy of petition).

Here, Defendant represents that service was not perfected until June 30, 2020,[3] when

Plaintiff served both the Petition and citation on the state entities and officials listed in Louisiana

Revised Statute § 39:1538. (R. Doc. 1 at 2); (R. Docs. 1-6, 1-7) (citations). Plaintiff does not

dispute this representation. Instead, he merely focuses on Defendant's earlier notice of this

lawsuit.[4] Because notice is insufficient to trigger the 30-day period for removal under 28 U.S.C. §

1446(b), Plaintiff's argument is without merit, and the Court finds that Defendant timely removed

this case on July 20, 2020—less than 30 days after service was perfected on June 30, 2020.

**B.     Consent to Removal**

Second, Plaintiff contends—in a single sentence without any argument or explanation—

that remand is appropriate because "There has been no consent filed by all defendants pursuant to

28 U.S.C. § 1446(2)(A)." (R. Doc. 2-1 at 1). To begin, the correct citation is 28 U.S.C. §

1446(b)(2)(A), and it requires that "all properly joined and served [defendants] must join in or

---

[3] The record only contains citations served (along with the Petition) on both the Attorney General (R. Doc. 1-7) and the Secretary of the Louisiana Department of Public Safety and Corrections (R. Doc. 1-6) on June 30, 2020. It is unclear whether citation was ever served on the Office of Risk Management. (R. Doc. 1-3 at 7) (ORM received a copy of the Petition on May 30, 2019). Nonetheless, Defendant's removal remains timely, even if Plaintiff failed to perfect service by not serving a citation, along with the Petition, on the Office of Risk Management. *See Thompson v. Deutsche Nat'l Bank Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014) ("Deutsche's removal period did not begin to run . . . because it was never properly served . . . and Deutsche [therefore] timely removed the case to federal court."); *Crockett v. Louisiana Correctional Institute for Women*, 2018 WL 1313170, at *3-*4 (E.D. La. March 14, 2018) ("Absent service of citation, service was not perfected. . . . Therefore, the thirty day removal clock never started to run. As a result, Defendants' notice of removal was timely."); *Dorsey v. Moses*, 269 So. 3d 907, 910 (La. App. 3 Cir. 2019) (Although "the Attorney General and James LeBlanc, the secretary of the DOC, were issued citation and service," Plaintiff's failure to serve a citation and the petition on the ORM meant service under La. Rev. Stat. § 39:1538 was incomplete.).

[4] Plaintiff also confusingly devotes half of his 2-page Motion to Remand (R. Doc. 2-1 at 1) to quoting a prior opinion of this Court regarding the One-Year Rule. (R. Doc. 2-1 at 1) (quoting *Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864, 866 (M.D. La. 2012)). The One-Year Rule prevents removal based on diversity jurisdiction more than one year after the lawsuit is filed in state court. 28 U.S.C. § 1446(c). While it is true that DPSC removed this case on June 30, 2020, more than a year after it was filed on April 11, 2019, Plaintiff gives no explanation for including a large block quote about the One-Year Rule. Nonetheless, because the One-Year Rule only applies in diversity cases, it is wholly inapplicable here, where removal is based on federal question.

consent to the removal of the action." While there are 2 Defendants named in this lawsuit—Lt. Allen Starks and the Louisiana Department of Public Safety and Corrections—only DPSC has been served. (R. Doc. 1 at 2); (R. Docs. 1-6 and 1-7). The record does not indicate service on Starks, either before or after removal. Therefore, this argument is without merit.

For the reasons given above, the Court **recommends** that Plaintiff's Motion to Remand (R. Doc. 2) be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 22, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**