UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HASSON MITCHELL | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA, ET AL. | NO. 20-00470-BAJ-SDJ |

### RULING AND ORDER

Before the Court is the Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. 11), filed by Defendant the State of Louisiana through Louisiana Department of Public Safety and Corrections ("LDPSC"). Plaintiff has not filed an opposition, despite the briefing deadline having passed more than one month ago.

For the following reasons, LDPSC's Motion will be denied. Nonetheless, Plaintiff is specifically advised that failure to file a timely opposition to any future dispositive motion will result in such motions being deemed unopposed, and may result in summary dismissal.

**I. ALLEGATIONS**

For present purposes, the following allegations are accepted as true:

Plaintiff is an inmate confined at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. On December 21, 2017, Plaintiff was playing basketball on EHCC's "Fox 7 yard" when he observed Defendant Lt. Allen Starks, an employee at EHCC, beating another inmate. (Doc. 1-2 at ¶¶ 8-9). Plaintiff attempted to intervene, but was warned off by Lt. Starks' supervising officer—non-party Capt. Willie Johnson—and other correctional officers on duty. (*Id.* at ¶¶ 10-11). Plaintiff

returned to his dorm, but confronted Capt. Johnson along the way, saying "he was down bad for letting that go on like it did and not stop it." (*Id.* at ¶ 11).

Later that day, Plaintiff was handcuffed and escorted to EHCC's Administrative Segregation unit. (*Id.* at ¶¶ 14-16). Along the way, Plaintiff again observed Lt. Starks beating the same inmate, this time in the shower. (*Id.* at ¶ 17). Plaintiff called out "Man, ya'll wrong for letting him [Lt. Starks] do that!", to which Lt. Starks responded that Plaintiff "would be next." (*Id.* at ¶¶ 17-18).

Sometime later, Lt. Starks confronted Plaintiff at the Administrative Segregation unit, saying "I got something for you!" (*Id.* at ¶ 20). Lt. Starks "punched [Plaintiff] in his face … choked him and punched him in the stomach." (*Id.*). "Lt. Starks continued to punch and kick [Plaintiff] even after he went to the ground," causing Plaintiff to "defecate[] on himself." (*Id.* at ¶ 21). Lt. Starks then "dragged [Plaintiff] into the shower … and threatened that he [Plaintiff] would be maced for speaking up." (*Id.* at ¶ 22). "When Lt. Starks threw [Plaintiff] to the shower, Lt. Starks negligently or intentionally missed and [Plaintiff] struck the step with his back." (*Id.* at ¶ 23).

Multiple other correctional officers, including Capt. Johnson, observed Lt. Starks beating Plaintiff, but failed to intervene. (*Id.* at ¶ 21). As a result of his encounter with Lt. Starks, Plaintiff "suffered a broken back, broken wrist, broken tooth and broken hand, along with a spinal injury." (*Id.* at ¶ 25).

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on April 11, 2019, filing a Petition for Damages in the Eighteenth Judicial District Court for the Parish of Iberville, Louisiana. (Doc. 1-2). Based on the foregoing allegations, Plaintiff alleges unconstitutional retaliation and cruel and excessive force, in violation of the First and Eighth Amendments to the U.S. Constitution, respectively, and various state law claims, including negligence under La. C.C. art. 2315. Plaintiff further alleges that LDPSC is responsible for Lt. Starks' intentional and negligent acts, under a theory of *respondeat superior* liability. La. C.C. art. 2317.

On July 20, 2020, LDPSC removed Plaintiff's action to this Court, asserting federal question jurisdiction. (Doc. 1).

On July 22, 2020, Plaintiff filed a motion to remand to state court, contending that LDPSC's removal was untimely. (Doc. 2).

On August 31, 2020, while Plaintiff's motion to remand was pending, LDPSC filed the instant Motion to Dismiss, seeking dismissal of all Plaintiff's claims against LDPSC. (Doc. 11).

On September 14, 2020, Plaintiff responded to LDPSC's Motion by seeking an extension of the deadline to file his opposition, until 21 days after the Court ruled on Plaintiff's motion to remand. (Doc. 12, the "September 14 Motion"). Relevant here, Plaintiff's September 14 Motion clarifies that "[t]he only claim that was pled against the State was *respondeat superior*" for Plaintiffs' state law claims. (*Id.* at ¶ 2).

3

On September 15, 2020, the Court granted Plaintiff's motion to extend the briefing deadline, ordering that Plaintiff's opposition to LDPSC's motion to dismiss be filed 21 days following the Court's ruling on Plaintiff's motion to remand. (Doc. 13, the "September 15 Order").

On March 9, 2021, the Court issued its Order denying Plaintiff's motion to remand, determining that LDPSC's removal from state court was timely because it occurred within 30 days of proper service of Plaintiff's citation and Petition. (*See* Docs. 20, 23).

By operation of the Court's September 15 Order, Plaintiff's opposition to LDPSC's motion to dismiss was due on or before Tuesday, March 30, 2021. Plaintiff did not file an opposition, or otherwise seek to extend the deadline.

### III.  ANALYSIS

#### A. Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679.

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

### B. Discussion

#### 1. Plaintiff's September 14 Motion Clarifies That Plaintiff Is Not Pursuing Constitutional Claims Against LDPSC

First, LDPSC argues that Plaintiff's constitutional claims fail because LDPSC is not a "person" for purposes of establishing liability under 42 U.S.C. § 1983, and because § 1983 liability cannot be "predicated on the vicarious liability doctrine of *respondeat superior*." (Doc. 11-1 at 3-4). Plaintiff's September 14 Motion clarifies that Plaintiff is not pursuing any constitutional claims against LDPSC. (Doc. 12 at ¶ 2 Accordingly, the Court does not address these arguments.

#### 2. Plaintiff's Petition adequately alleges that LDPSC is vicariously liable for Lt. Starks' actions

Next, LDPSC argues that Plaintiff's *respondeat superior* claim fails because Plaintiff's Petition establishes that Lt. Starks acted intentionally, *not* negligently. By LDPSC's reasoning, if Lt. Starks committed only intentional acts, LDPSC cannot be vicariously liable for any negligent acts. (Doc. 11-1 at 5). LDPSC cites no legal authorities in support of its argument.

LDPSC's argument fails on multiple levels. First, Plaintiff has adequately alleged negligence under the applicable duty-risk standard, which, in the prison

5

context, requires correctional officers "to use reasonable care in preventing harm after they had reasonable cause to anticipate it." *Breaux v. State*, 326 So. 2d 481, 482 (La. 1976). Certainly, Lt. Starks had reasonable cause to anticipate that Plaintiff would be injured further if, after beating Plaintiff while handcuffed, he failed to exercise reasonable care when placing Plaintiff in the shower. Instead Lt. Starks "threw" Plaintiff towards the shower, "missed," and caused Plaintiff to fall on a step and break his back. Plainly, Plaintiff's allegations establish Lt. Starks' negligence, and LDPSC's vicarious liability under a *respondeat superior* theory. *See* La. C.C. art. 2317; *Breaux*, 326 So. 2d at 482 ("the state is … liable for its employee's failure to use reasonable care in preventing harm after they had reasonable cause to anticipate it."); *see also Hughes v. Savell*, 902 F.2d 376, 379 (5th Cir. 1990) ("Although the state does not insure inmates against personal attacks, the state is responsible when its employees fail to use reasonable care to protect inmates from injuries inflicted by other prisoners which the authorities know or have reason to anticipate will occur. … Those cases which do consider the responsibility of individual state prison employees routinely impute the employee's negligence to the state for purposes of assigning liability.").

Moreover, Plaintiff's Petition adequately alleges LDPSC's vicarious liability for Lt. Starks' intentional acts. Louisiana law is clear that under Civil Code. art. 2320, "[a]n employer may be vicariously liable for the intentional acts of its employees." *Payne v. Tonti Realty Corp.*, 04-752 (La. App. 5 Cir. 11/30/04), 888 So. 2d 1090, 1094,

6

*writ denied* 2005-0192 (La. 4/1/05), 897 So. 2d 606. The Louisiana Supreme Court has identified the following factors for determining an employer's vicarious liability for an employee's intentional acts:

(1) whether the tortious act was primarily employment rooted;

(2) whether the violence was reasonably incidental to the performance of the employee's duties;

(3) whether the act occurred on the employer's premises; and

(4) whether it occurred during the hours of employment.

*Payne*, 888 So. 2d at 1095 (citing *LeBrane v. Lewis*, 292 So. 2d 216, 218 (La. 1974)).

Again, Plaintiff's allegations plainly establish each of the elements for *respondeat superior* liability: (1) Lt. Stark's alleged violent acts were wholly rooted in his employment and (2) obviously incidental to his duties as a correctional officer. The beating occurred (3) on EHCC premises, and (4) during Lt. Starks hours of employment. Plaintiff's *respondeat superior* claim may proceed.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that LDPSC's Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. 11) be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 17th day of May, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**